IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONN WALTON, | |
| Plaintiff, | CASE NO. 09-CV-00004-HEA |
| v. | |
| WAL-MART STORES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**AGREED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the parties having stipulated to the entry of this Protective Order to expedite the flow of discovery material, to protect the confidentiality of and proprietary rights to information and documents disclosed in this litigation, to facilitate the prompt resolution of disputes over claims of confidentiality, and to ensure protection is afforded only to such confidential and proprietary material, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. <u>Application of this Order.</u> The parties have agreed that certain documents and information produced or disclosed during this litigation should be treated as confidential and shall be used only for purposes of this lawsuit. The parties agree that such Confidential Information as described in paragraph 2 should be given the protection of an Order of this Court to prevent injury to the parties or others through disclosures to persons other than those persons involved in the prosecution of this litigation. Specifically, medical records, non public financial records, personnel records, internal personnel polices and procedures of Wal-Mart Stores, Inc. and all affiliated entities and other information which is private in nature and may have the

effect, if not deemed to be confidential, of embarrassing, humiliating or otherwise invading the privacy of a party, could potentially cause significant public and private harm, humiliation and exposure to the parties and such information should be protected.

2. <u>Definition of "Confidential Information"</u>. The parties have agreed that the following documents and information produced or disclosed during this litigation, including documents, discovery responses (including interrogatory answers, documents produced and responses to requests for admissions) or depositions taken (or portions thereof) in this litigation, should be treated as confidential and shall be used only for purposes of this lawsuit:

a. "Medical Records" of Plaintiff, which term shall refer to: (1) health care provider records and statements, specifically including psychiatric, psychological and counseling records involving the health, treatment and well being of Plaintiff; (2) hospital records; (3) billing statements; and (4) any other records or statements involving the health, treatment and well being of Plaintiff.

b. "Financial Records" of the parties, which term shall refer to: (1) tax returns; (2) financial statements; (3) salary or payroll information, records or schedules; (4) records pertaining to bank accounts; and (5) any other records or statements containing financial information of the parties and their employees. Information readily available to the public is excluded from this definition.

c. "Personnel Records," which term shall refer to files or records relating to personnel or employment matter of current or former employees of the Defendant, including, but not limited to, the following: (1) personnel files; (2) personal or employment history information; (3) statements of job duties and responsibilities; (4) performance evaluations; (5) disciplinary records; (6) information relating to pay and/or

fringe benefits; and (7) any other information containing personal identifiers, medical information, and/or financial information pertaining to Defendant's individual employees. This provision shall not limit the parties' use of employment history, personnel files, or other information contained within this section C, from being provided to any employer or potential employer making inquiry for the purpose of evaluating any parties', witnesses', or other person's employment, work skills or employability.

d. The internal policies and practices of Wal-Mart Stores, Inc. (including all affiliated entities such as Wal-Mart East, L.P., Wal-Mart Associates, Inc., Wal-Mart Stores East, Inc., Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company, Wal-Mart Transportation, LLC, Wal-Mart.com USA, LLC) which are not currently available to the public.

3. <u>Designating Documents and Discovery Responses Confidential.</u> Any party to this action may designate as Confidential Information a document or discovery response produced after the entry of this Order by (a) stamping or labeling the document or interrogatory answer with the word "Confidential" or (b) advising the opposing party in writing at the time of production that certain documents or interrogatory answers are "Confidential." A party may designate as Confidential Information any documents or interrogatory answers produced prior to the entry of this Order by (a) stamping or labeling duplicate copies of the documents or interrogatory answers previously produced with the word "Confidential" and delivering the stamped copies to opposing counsel, or (b) advising the opposing party in writing within 30 days after the entry of this Order that certain documents or interrogatory answers are "Confidential." Unless otherwise ordered by the Court or stipulated to by the parties, only documents or interrogatory answers relating to the subjects enumerated in paragraph 2 may be designated as

Confidential Information.

4. <u>Disclosure of Confidential Information.</u> Any documents, interrogatory answers, admissions or other discovery matters designated as Confidential Information are to be treated by the party receiving the discovery as confidential and shall be utilized by such party only for the prosecution or defense of this case. Except as may be agreed to by the parties, or ordered by the Court, disclosure of such discovery material or the information contained therein shall be limited to the court, parties, their counsel, counsel's legal and clerical assistants and witnesses in this case, and testifying and non-testifying experts, as may from time to time be reasonably necessary in the prosecution or defense of this action. Counsel shall confer prior to the use of any Confidential Information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case in an effort to reach an agreement by the parties as to the disclosure of such Confidential Information. In the event the parties cannot reach an agreement, the Confidential Information shall be filed under seal upon leave by the Court.

5. <u>Disputes Concerning Designation(s) of Confidential Information.</u> In the event any party to this action disagrees with the designation of any information as Confidential Information, the party challenging the propriety of a confidentiality designation must notify the other party of its challenge in writing within 30 days of receipt of the confidential materials. Failure by either party to object to the confidentiality designation within the time prescribed will serve as a waiver of any subsequent objection. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, who shall be permitted to conduct an *in camera* inspection of the confidential materials. The party seeking confidentiality of the information shall have the burden of establishing that the

information is entitled to confidential treatment.

6.  Binding Effect of This Order. This Order is binding upon the parties and the law firms representing them. This Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Jurisdiction in this Court to enforce the protective order is terminated on final disposition of the case. The party seeking to enforce the order following final disposition of the case must move to reopen the case.

7.  Return and/or Destruction of Confidential Information. Upon final termination of this action, including all appeals, the receiving party of designated confidential documents shall be obligated to return such documents to the sending party or shall destroy all documents within a period of ten years.

8.  Burden of Proof in Establishing Confidential Nature of Material. The intent of this Order is to provide a mechanism by which the parties may protect confidential documents and information during the discovery process. Entry of this Order by the Court does not constitute an adjudication that any information provided pursuant to discovery is, in fact, confidential, and to the extent any dispute arises over whether information is, in fact, confidential, the burden of proving the confidential nature of the information shall be borne by the party making that claim.

9.  Violation of Protective Order. If any person or entity described in Paragraph 6 shall violate this Order, said person or entity shall be subject to proper sanctions as determined by the Court.

10. Modification of Protective Order. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court. The parties may petition

the Court to modify or amend its terms as the scope of discovery dictates.

11. <u>No Admission.</u> Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

**IT IS SO ORDERED.**

*[signature]*
HON. HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2009.

APPROVED AS TO FORM AND CONTENT BY:

SHEA, KOHL, ALESSI & O'DONNELL, L.C.

By: **/s/ Deborah J. Alessi**
Deborah J. Alessi #73875
400 North Fifth Street, Suite 200
St. Charles, MO 63301
(636) 946-9999 (Telephone)
(636) 946-8923 (Facsimile)
dalessi@skaolaw.com
***Attorney for Plaintiff***

KUTAK ROCK LLP

By: **/s/ Stacia G. Boden**
S. Douglas Mackay #116175
Stacia G. Boden #115339
1650 North Waterfront Parkway, Suite 150
Wichita, KS 67206-6634
(316) 609-7900 (Telephone)
(316) 630-8021 (Facsimile)
Doug.Mackay@kutakrock.com
Stacia.Boden@kutakrock.com

Eric Kendall Banks #35961
Kutak Rock LLP
Suite 500
1010 Grand Boulevard
Kansas City, MO 64106-2220
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Eric.Banks@kutakrock.com
***Attorneys for Defendant***