UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONN WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:09CV4 HEA |
| | ) |
| WAL-MART STORES, INC. et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Without Prejudice, [Doc. No. 46] and Plaintiff's Motion to Remand, [Doc. No. 47]. Defendants oppose these motions. For the reasons set forth below, the Motions are denied.

## Facts and Background

Plaintiff filed this action in the Circuit Court of St. Louis County, Missouri on October 28, 2008, alleging that Defendant Wal-Mart violated the Missouri Human Rights Act when it did not promote Plaintiff on approximately sixty separate occasions. Defendant Wal-Mart removed this action on January 2, 2009, based on diversity of citizenship jurisdiction.

Plaintiff filed an Amended Complaint on April 21, 2009, which added a claim pursuant to Title VII. The addition of this claim invoked the Court's federal

question jurisdiction.

On November 5, 2009, Plaintiff filed his Second Amended Complaint, with leave of Court. The Second Amended Complaint added Defendant Gary McGlaughlin[1]. Defendant McGlaughlin is a citizen of the State of Missouri, as is Plaintiff. Thus, absent the federal question jurisdiction which arises because of Plaintiff's Title VII claim, the Court would be divested of jurisdiction over this action. 28 U.S.C. 1447(e).

## **Discussion**

Plaintiff now seeks to dismiss his Title VII claim without prejudice presumably pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2) provides, in pertinent part, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(1) does not apply here, therefore, Plaintiff may dismiss this action only pursuant to Court order.

In considering whether to grant a motion to dismiss pursuant to Rule 41(a)(2), a court should take into consideration: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and a lack of diligence on the part

---

[1] It appears from other pleadings filed in this matter that the correct spelling of Defendant's name is "McLaughlin." The Court will, for consistency purposes use Plaintiff's spelling in this Order.

of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir.1987). "A party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir.2005).

Three of the factors listed above are present in this case. The defendant has responded and stated that it has completed discovery, located the witnesses necessary for trial, and prepared a motion for summary judgment, which in fact was filed before the motion to dismiss. Thus, the defendants have expended substantial effort and expense in preparing for trial. Moreover, Plaintiff offers no explanation of the need to take a dismissal. Rather, simultaneously with the filing of the Motion to Dismiss the federal claim, Plaintiff has filed a Motion to Remand, based on the Court's lack of jurisdiction.[2] In the absence of any explanation as to the need for taking a dismissal, it appears likely that Plaintiff seeks to dismiss the case in order to avoid an adverse decision or to seek a more favorable forum.

This case is ripe for a decision on the merits. Discovery is complete. A summary judgment motion has been filed. Trial is scheduled to be held in less than two

---

[2] The Court notes that the filing of the Motion to Remand was premature, if not presumptuous. Absent a ruling on the Motion, the Court continues to be vested with subject matter jurisdiction under 28 U.S.C. § 1331.

months. The defendants have expended considerable time and expense in preparing a motion for summary judgment. Plaintiff has offered no explanation as to why they need to dismiss the case. Cf. *Beavers v. Bretherick*, 227 F. App'x 518 (8th Cir.2007). The motion to dismiss without prejudice is denied.

Because the Court has denied the Motion to Dismiss claims based on Title VII, Plaintiff's Motion to Remand is without merit. The Motion to Remand is therefore denied.

### Conclusion

Plaintiff has failed to establish that dismissal of his federal claims is appropriate under the *Paulucci* factors as discussed herein. His motion to dismiss, and necessarily, his motion to remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice, [Doc. No. 46] and Plaintiff's Motion to Remand, [Doc. No. 47], are denied.

Dated this 28th day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE